406 P.2d 911

**FLINCO, INC., a Utah corporation,
Plaintiff and Appellant,**

**v.**

**The GOODYEAR TIRE AND RUBBER
COMPANY, a foreign corporation,
Defendant and Respondent.**

No. 10321.

Supreme Court of Utah.

Oct. 27, 1965.

Dwight L. King, Salt Lake City, for appellant

Fabian & Clendenin, Peter W. Billings, G. Kenneth Handley, Jr., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a directed verdict in favor of defendant after plaintiff's case was all in. Affirmed. Costs to respondent.

Flinco was a gasoline distributor. It had auxiliary lines of batteries and accessories, such as "Hood" tires, as a sort of

distributor along with its gas. It changed hands, with new officers, who seemed to to have dropped the Hood line in favor of Goodyear, the contract with whom is the subject of this case.

 A provision of the contract said that if Flinco didn't pay on time, Goodyear could terminate (paragraph 6 of the contract). Also the contract said (paragraph 13) that it was for five years, "unless previously terminated *as hereinafter provided.*" The *"hereinafter"* provision said (paragraph 14) "this agreement may be cancelled upon thirty days written notice by the dealer (Flinco) to Goodyear," or vice versa. About a year and a half later after Flinco had sold Hood tires, it took on another line, "Miller," and from plaintiff's own evidence, Goodyear sales were watered down. It appears that Goodyear didn't like the way Flinco was presenting its product to the public and was displeased with the competition, so it cancelled out, as the contract said it could do, on thirty days written notice,—as Flinco could have done.

Plaintiff urges that it was unfair to do this and that there was an ambiguity in the contract between Paragraphs 6, 13, and 14, requiring proof of termination for cause. This contention we do not share. Plaintiff said the trial court should have allowed introduction of parol evidence to explain the alleged ambiguous terms and the parties' intentions. We think the terms were not ambiguous, but clear. This resolves the first two points of appeal.

The third and final point: That Goodyear violated Title 50-1-1, Utah Code Annotated, 1953, relating to anti-trust offenses. From plaintiff's own evidence there was nothing reflected in the record that would suggest any such conclusion. The cross-examination, with which plaintiff is bound, reflects nothing to prove any combine, conspiracy or agreement with others evidencing violation of 50-1-1. This is a requisite for that section's violation.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.